**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NOLAN LEE ALJADDOU,**

    **Petitioner,**

    v.                                    **CASE NO. 21-3037-SAC**

**UNITED STATES DISTRICT**
**COURT for the DISTRICT of**
**NEBRASKA,**

    **Respondent.**

## ORDER TO SHOW CAUSE

Petitioner filed this *pro se* petition for writ of habeas corpus naming the United States District Court for the District of Nebraska as the Respondent. Petitioner's claims involve his criminal case pending in the United States District Court for the District of Nebraska. *See United States v. Al-Jaddou*, Case No. 8:20-cr-00119-JFB-SMB-1 (D. Neb., filed June 17, 2020). Petitioner must show good cause why this matter should not be dismissed without prejudice.

Petitioner's claims relate to his pending criminal case. Petitioner must raise these issues in his pending criminal case. Even if Petitioner's criminal case was no longer pending, this Court would not be the proper Court to attack any sentence imposed. A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would

necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Because Petitioner's claims are not properly brought in this Court, he should show good cause why his Petition should not be dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **March 1, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice for the reasons set forth in this Order to Show Cause.

**IT IS SO ORDERED**.

**Dated February 9, 2021, in Topeka, Kansas.**

                                                   <u>**s/ Sam A. Crow**</u>
                                                   **Sam A. Crow**
                                                   **U.S. Senior District Judge**