IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOLAN LEE ALJADDOU,

    Petitioner,

    v.                                       CASE NO. 21-3037-SAC

UNITED STATES DISTRICT
COURT for the DISTRICT of
NEBRASKA,

    Respondent.

## MEMORANDUM AND ORDER

Petitioner filed this *pro se* petition for writ of habeas corpus naming the United States District Court for the District of Nebraska as the Respondent. Petitioner's claims involve his criminal case pending in the United States District Court for the District of Nebraska. *See United States v. Al-Jaddou*, Case No. 8:20-cr-00119-JFB-SMB-1 (D. Neb., filed June 17, 2020). On February 9, 2021, the Court entered an Order to Show Cause (Doc. 2) ("OSC") granting Petitioner until March 1, 2021, to show good cause why this matter should not be dismissed without prejudice. The Court's OSC was mailed to Petitioner at his current address of record and was returned as undeliverable, noting that Petitioner is no longer at the facility. (Doc. 3.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

Petitioner's claims relate to his pending criminal case. Petitioner must raise these issues in his pending criminal case. Even if Petitioner's criminal case was no longer pending, this Court would not be the proper Court to attack any sentence imposed. A federal prisoner seeking

1

release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

The OSC provided that because Petitioner's claims are not properly brought in this Court, he should show good cause why his Petition should not be dismissed without prejudice. Petitioner has failed to provide the Court with a notice of change of address and has failed to show good cause why this matter should not be dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated March 2, 2021, in Topeka, Kansas.**

>	**s/ Sam A. Crow**
>	**Sam A. Crow**
>	**U.S. Senior District Judge**